■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS TAYLOR, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated June 12, 1964, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered November 26, 1951, after trial, convicting him of robbery in the first degree, and imposing sentence. Order reversed, and proceeding remitted for further hearing and findings of fact. Defendant contends that he was deprived of his constitutional right of appeal by the fact of his indigence. Defendant claimed that after his trial he talked with his assigned trial counsel and asked him whether other proceedings could be instituted in his behalf; and that the assigned attorney advised him the next step would be an appeal, provided he had $1,000. The assigned trial counsel testified that he had no independent recollection of having represented the defendant, or having advised him as the defendant claimed. It was stipulated that if Keaton, a codefendant, were called as a witness, he would testify to the same effect as the defendant. The court below, in denying defendant's application, did not do so on the basis of the lack of veracity of the defendant, but rather on the ground that, assuming the truth of his testimony, the law was opposed to the granting of the application. Under the facts and circumstances, we are of the opinion that a new hearing should be held, and findings of fact made with respect to whether the defendant was prevented from appealing because of his indigence. Christ, Acting, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ WILTOM COACH CO., INC., Respondent, v. BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT No. 6 OF THE TOWNS OF ISLIP AND SMITHTOWN, Appellant.— In an action to recover damages allegedly incurred as a consequence of defendant's asserted breach of a contract wherein plaintiff undertook to provide bus transportation for school children, defendant appeals from so much of an order of the Supreme Court, Suffolk County, entered May 7, 1965, as denied (except to the extent of an item of $1,078 claimed by plaintiff) defendant's motion to dismiss the complaint in its entirety pursuant to CPLR 3211 (subd. [a]) and section 3813 of the Education Law. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The time to answer is extended until 20 days after entry of the order hereon. In our opinion, the disposition of this case on the basis of applicable law was properly held to await the further development of the operative facts. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ S. TEPFER & SONS, INC., Respondent, v. RONALD ZSCHALER et al., Appellants.— Motion by appellants for reargument granted on condition that appellants pay $350 to respondent; and that appellants perfect and be ready to argue or submit the appeal on February 4, 1966; appeal ordered on the calendar for said day. Upon reargument, appellants may, if so advised, serve and file a supplemental record and brief on or before January 28, 1966. Motion by appellants to extend stay previously granted by this court denied. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.